IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEMENTE J. GARCIA, | § | |
| TDCJ #513857, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1379 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Clement J. Garcia has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction that resulted in the revocation of his parole. The respondent has filed a motion for summary judgment, arguing that Garcia is not entitled to federal habeas corpus relief. (Docket Entry No. 16). Garcia has filed a reply. (Docket Entry No. 20). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Garcia has a lengthy criminal record, and his pending federal habeas corpus petition implicates several criminal convictions. In 1980, Garcia was convicted of sexual assault of a child and aggravated assault on a police officer. Garcia pled guilty to those charges and was sentenced to eighteen years of imprisonment. Subsequently, Garcia was released from

prison onto the form of parole known as mandatory supervision.[1]  In 1988, Garcia pled guilty to charges accusing him of being a felon in possession of a firearm, and he was sentenced to twenty-five years in prison for that offense.  On May 6, 2002, Garcia was again released from prison onto mandatory supervision.  Because Garcia had a prior conviction for sexual assault of a child, the parole board imposed special conditions of release that required him to register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure (the Texas Sex Offender Registration Program).  After Garcia failed to comply with these special condition of his release, a warrant issued for his arrest.

As a result of Garcia's failure to register, the State issued felony charges against him in cause number 961305, which accused him of violating the law by failing to comply with the Sex Offender Registration Program found at Chapter 62 of the Texas Code of Criminal Procedure.  Garcia waived an indictment and pled guilty to those charges on September 15, 2003.  The 184th District Court of Harris County, Texas, found Garcia guilty as charged and sentenced him to serve ten years in prison.  As a result of this new conviction, the Texas Board of Pardons and Paroles voted to revoke Garcia's mandatory supervision on March 31, 2004, for violating the conditions of his release.

Garcia, who remains incarcerated in TDCJ, filed the pending federal habeas corpus

---

[1]      In Texas, mandatory supervision is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).

petition on March 31, 2005.[2]  In that petition, Garcia contends that his conviction for failure to register as a sex offender violates the constitutional prohibition against ex post facto laws. Garcia contends further that, because his conviction was invalid, his release on mandatory supervision was revoked in violation of his right to due process.  The respondent argues that any challenge to Garcia's conviction is barred by the governing one-year statute of limitations.  The respondent argues further that Garcia's claims are without merit.  Garcia disagrees. The parties' contentions are discussed below under the governing standard of review.

## II.    STANDARD OF REVIEW

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  A movant's burden is to point out the absence of evidence supporting the nonmovant's case.  *Malacara v. Garber*,

---

[2]    The Clerk's Office received the federal habeas corpus petition for filing on April 4, 2005, but the pleadings are dated March 31, 2005.  For statute of limitations purposes, courts in this circuit ordinarily treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).   To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action.   *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).   In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.   *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).   However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The petitioner proceeds *pro se* in this case.   Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.   *See Haines v. Kerner,* 404 U.S. 519 (1972); *see also Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999) ("[I]n this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.").   Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.   *See Haines,* 404 U.S. at 521; *see also United States v. Pena*,

4

122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 &

n.16 (5th Cir. 1996)).  Nevertheless, "the notice afforded by the Rules of Civil Procedure and

the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing

a summary judgment motion.  *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th

Cir. 1992).

## III.   ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the

"AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions

are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  The one-year

statute of limitations applies to all federal habeas corpus petitions filed after the AEDPA's

effective date of April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Flanagan

v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  Because the pending habeas corpus petition

was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See

Hughes v. Dretke*, 412 F.3d 582, 588 (5th Cir. 2005).

To the extent that Garcia challenges the validity of his state court conviction for

failure to register as a sex offender, the statute of limitations for federal habeas corpus review

began to run at "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Garcia pled guilty in cause number 961305 on September 15, 2003.  Because Garcia did not

file an appeal, that judgment became final when his time to appeal expired thirty days later

on October 15, 2003.  That date triggered the one-year statute of limitations, which expired

on October 15, 2004.  Garcia's pending petition, filed on March 31, 2005, is late by more than five months (167 days) and is therefore time-barred unless an exception applies.

## A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  Garcia filed a state habeas corpus application to challenge his state court conviction on June 17, 2004, which the Texas Court of Criminal Appeals denied on August 25, 2004. *See Ex parte Garcia*, No. 59,765-01. This proceeding tolls the statute of limitations for only sixty-nine days, which is well short of the amount of time needed to make the pending petition timely.

Garcia has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  There is no other statutory basis to save the petitioner's late-filed claims.

## B.    Equitable Tolling

Garcia has filed a lengthy reply to the summary judgment motion in this case. (Docket Entry No. 20).  However, Garcia offers no explanation for his failure to diligently pursue federal habeas corpus relief and he does not otherwise request equitable tolling. Nevertheless, the statute of limitations for federal habeas corpus review may be equitably

tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The only explanation given for the delay in this case is a suggestion in the pleadings that Garcia's efforts were hindered by his status as an indigent inmate who is untrained in the law. Although Garcia proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher*, 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of

knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Garcia presents no other basis to toll the statute of limitations.

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given the petitioner's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that his pending federal habeas corpus petition is barred by the applicable one-year limitations period. Alternatively, the Court concludes that Garcia is not entitled to federal habeas corpus relief for other reasons considered briefly below.

## IV.   **THE CLAIMS ARE WITHOUT MERIT**

Garcia also contends that he is entitled to federal habeas corpus relief from his conviction for failure to register as a sex offender because that conviction violates the Ex Post Facto Clause. In a related claim, Garcia contends further that the subsequent revocation of his release on mandatory supervision violated due process because the statutes which required him to register as a sex offender (the Texas Sex Offender Registration Program)

were applied to him retroactively in error.[3]  The respondent argues that both claims are without merit and do not warrant federal habeas corpus relief.

### A.    Federal Habeas Corpus Standard of Review

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  As noted previously, the pending federal habeas corpus petition is governed by the AEDPA.  *See Lindh*, 521 U.S. at 336 (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996).  Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Garcia's claims concerning his conviction and parole revocation were raised on state

---

[3]     The Court assumes Garcia's claim challenging revocation of his release on mandatory supervision is timely.

habeas corpus review and rejected by the Texas Court of Criminal Appeals based on findings and conclusions made by the trial court.  *See Ex parte Garcia*, No. 59,765-01 (Tex. Crim. App.).  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim).  Accordingly, the federal habeas corpus standard of review, as amended by the AEDPA, applies to the petitioner's claims as long as they were adjudicated on the merits and not dismissed for procedural reasons.[4]  *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002) (citing *Valdez v. Cockrell*, 274 F.3d 941, 946-48 (5th Cir. 2001)); *see also Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (concluding that when a state habeas corpus court rejects a petitioner's claim on procedural grounds, there has not been an "adjudication on the merits" as contemplated by the AEDPA).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court

---

[4]     Additionally, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).  For claims adjudicated on the merits, the AEDPA's amendments provide that a petitioner is not entitled to relief unless the state court's adjudication:

1.     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Courts are to review pure questions of law and mixed questions of law and fact under § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).  Under the first ("contrary to") clause, a federal district court may grant habeas relief if the state court decided a case differently from how the United States Supreme Court decided a case on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Under the second ("unreasonable application") clause, a court may grant habeas relief if the state court correctly divined a legal principle from the Supreme Court's jurisprudence but misapplied that principle to the facts.  *See id*.

Section 2254(d)(2) governs pure questions of fact.  *See Moore v. Johnson*, 225 F.3d 495, 501, 504 (5th Cir. 2000).  Under this subsection, federal courts must give deference to state court findings of fact unless they are based on an unreasonable interpretation of the evidence presented in the state court proceeding.  *See Brewer v. Dretke*, 410 F.3d 773, 775 (5th Cir. 2005) (citing *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (as modified on denial of rehearing)).  In addition, any factual findings made by the state court in deciding

a petitioner's claims are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence to the contrary." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

**B.     Ex Post Facto Claim**

Garcia argues that the Texas Sex Offender Registration Program does not apply to him because his conviction for sexual assault of a child occurred in 1980, well before the sex offender registration statute was enacted.  Garcia reasons that any application of the registration requirement to him violates the prohibition against ex post facto laws, making his conviction for failure to comply with the Texas Sex Offender Registration Program, as well as the subsequent revocation of his mandatory supervision, invalid.

The Texas sex offender registration statute was originally enacted in 1991. *See* Acts 1991, 72nd Leg., R.S., ch. 572, eff. Sept. 1, 1991 (codified at TEX. REV. CIV. STAT. ANN. art. 6252-13c.1).  The Texas Sex Offender Registration Program, as it is now known, is currently codified at Chapter 62 of the Texas Code of Criminal Procedure. *See* Acts 2005, 79th Leg., ch. 1008, § 1.01, eff. Sept. 1, 2005 (amending and re-codifying the Sex Offender Registration Program within Chapter 62).  Prior to 1997, the sex offender registration requirement applied only to those persons convicted of a sex offense after 1991. *See Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002).  In 1997, however, the Texas legislature expanded the class of persons required to register to apply to those individuals who had a "reportable conviction or adjudication" since September 1, 1970, and who remained under some form of state supervision. *See* Act of June 1, 1997, 75th Leg., R.S.,

12

ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2260-61, 2264 (currently codified at TEX. CODE CRIM. PROC. art. 62.002 (Vernon Supp. 2005)).  As a result of this amendment, the Texas Sex Offender Registration Program applies retroactively to Garcia, who was convicted of sexual assault of a child in 1980.

It is undisputed in this case that Garcia's conviction for sexual assault of a child constitutes a "reportable conviction or adjudication" that triggers application of the Texas Sex Offender Registration Program.  *See* TEX. CODE CRIM. PROC. art. 62.002 (Vernon Supp. 2005).  Because the Texas sex offender registration statute was not in place when Garcia was convicted of this offense in 1980, Garcia argues that his conviction for failure to comply with the Sex Offender Registration Program violates the prohibition against ex post facto laws found in the United States Constitution.  The state habeas corpus court rejected this claim, finding no ex post facto violation on the grounds that the Texas Sex Offender Registration Program is "remedial, not punitive, in nature."  *Ex parte Garcia*, No. 59,765-01 at 42 (citing *Rodriguez v. State*, 93 S.W.3d 60 (Tex. Crim. App. 2002)).

Article I, Section 10 of the United States Constitution provides that "[n]o state shall . . . pass any . . . ex post facto [l]aw."  The Supreme Court has construed this to mean that states are prohibited from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."  *Weaver v. Graham*, 450 U.S. 24, 28 (1981).  Thus, the following two elements must be present for an ex post facto violation to occur: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new

13

law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted). Where a statute applies retroactively, the existence of an ex post facto violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *See Kansas v. Hendricks*, 521 U.S. 346, 371 (1997).

In this case, Garcia apparently objects to the 1997 amendments that made the Texas Sex Offender Registration Program retroactive to convictions that occurred prior to 1991. Because the statute is plainly intended to apply retrospectively, the question becomes whether the statute constitutes additional criminal punishment. To determine whether a law imposes punishment for ex post facto purposes, courts apply the so-called "intents-effects" test. *Moore v. Avoyelles Correctional Ctr.*, 253 F.3d 870, 872 (5th Cir.), *cert. denied sub nom. Moore v. Kaylo*, 534 U.S. 1008 (2001). This test requires two inquiries: (1) whether the legislature intended the sanction to be punitive; and (2) whether the sanction is so punitive in effect that the statute cannot be legitimately viewed as regulatory or civil in nature. *Id.* (citing *United States v. Ursery*, 518 U.S. 267, 288 (1996)). If the legislature's stated intent was not punitive, "only the clearest proof" of a statute's punitive effect will suffice to transform an enactment into a criminal penalty. *Smith v. Doe*, 538 U.S. 84, 92 (2003) (quoting *Hudson v. United States*, 522 U.S. 93, 100 (1997) (citations omitted)).

As noted by the state habeas corpus court in Garcia's case, the Texas Court of Criminal Appeals has decided that the state sex offender registration statute poses no ex post facto violation because there is no evidence of punitive intent in the legislative history. *See*

14

*Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). In that decision, the Court of Criminal Appeals noted that the Texas sex offender registration statute serves the important "nonpunitive purpose of promoting public safety by alerting the public to the presence of sex offenders." *Id.* at 74. After weighing a number of factors, the Court of Criminal Appeals characterized the Texas sex offender registration statute as "civil and remedial in nature" and concluded that its requirements were "not so punitive as to transform the statute into a criminal sanction." *Id.* at 79.

In considering whether the Texas Sex Offender Registration Program constitutes an ex post facto violation, the Fifth Circuit has also held that the statute "was not intended to be punitive and serves important nonpunitive goals." *Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003) (per curium) (upholding the requirement that a parolee participate in a sex offender counseling program), *cert. denied*, 538 U.S. 1038 (2003); *see also Creekmore v. Attorney General of Texas*, 341 F. Supp.2d 648, 662-63 (E.D. Tex. 2004) (holding that the Texas sex offender statute is non-punitive and not an ex post facto violation). Addressing an Alaskan statute, the Supreme Court has held sex offender registration statutes that are intended to have a non-punitive purpose do not violate the constitutional prohibition against ex post facto laws. *See Smith v. Doe*, 538 U.S. 84 (2003).

Garcia does not show that the state court's decision to reject his ex post facto challenge to the Texas Sex Offender Registration Program is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, he is not entitled to federal habeas corpus relief from his conviction for failing to comply with

the Texas Sex Offender Registration Program or from the revocation of his mandatory
supervision on that basis.

### C.    Due Process

Garcia argues further that, because the Texas Sex Offender Registration Program does
not apply to him, his release on mandatory supervision was revoked in violation of his right
to due process.  Garcia apparently reasons that, because the Texas Sex Offender Registration
Program is an invalid ex post facto law, he did not violate the conditions of his supervised
release by failing to comply with the statute's requirement.  For reasons set forth above,
Garcia has failed to show that the Texas Sex Offender Registration Program violates the
prohibition against ex post facto laws.  Garcia does not allege or otherwise show that the
revocation of his mandatory supervision was improper or that his proceedings failed to
comply with the minimum procedural guarantees found in *Morrissey v. Brewer*, 408 U.S.
471, 489-90 (1972) (outlining the minimal safeguards necessary to protect the limited liberty
interest at stake in a parole revocation hearing).

To the extent Garcia argues that it was improper to revoke his parole for violating the
sex offender conditions imposed on his supervised release, his claim is without merit.  The
Fifth Circuit has held that it violates procedural and substantive notions of due process to
impose sex offender restrictions, without notice and an opportunity to be heard, upon an
individual who has not, in fact, been convicted of a sex offense.  *See Coleman v. Dretke*, 395
F.3d 216 (5th Cir. 2004).  Unlike the petitioner in *Coleman*, however, it is undisputed that
Garcia has been convicted of sexual assault of a child, which is a reportable conviction

16

subject to the Texas Sex Offender Registration Program.  *See* TEX. CODE CRIM. PROC. art. 62.001(5) (Vernon Supp. 2005).  Thus, Garcia's circumstances are distinguishable from the ones present in *Coleman*.  Garcia has failed to show that he was not required to comply with the Texas sex offender registration statute or that the revocation of his mandatory supervision failed to comport with the requirements of due process.

The state habeas corpus court rejected Garcia's due process claim, finding that he had been "convicted of new law violations while on parole, thereby justifying a revocation finding." *Ex parte Garcia*, No. 59,765-01 at 42. Garcia has not shown that the state court's decision to reject his due process claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Because Garcia has not demonstrated that he is entitled to federal habeas corpus relief, the respondent's motion for summary judgment is granted.

## V.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim for the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

## VI.    **CONCLUSION**

For these reasons, the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment (Docket Entry No. 16) is

**GRANTED**.

2.     This federal habeas corpus proceeding is **DISMISSED** with prejudice.

3.     A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **November 29, 2005.**


_____
Nancy F. Atlas
United States District Judge